UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICKY PHILPOTT,

           Plaintiff,

vs.                        Case No. 2:05-cv-423-FtM-29SPC

ADVANTAGE BUILDERS OF AMERICA, INC.,

           Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion to Compel Arbitration and Motion to Stay (Doc. #10), filed on October 10, 2005. Plaintiff filed a Response (Doc. #13) on October 20, 2005. Defendant seeks to compel arbitration pursuant to a Sub-Contractor Services Agreement (Notice of Filing, Doc. #11). Plaintiff argues that this agreement is unconscionable and therefore unenforceable. The Court concludes that plaintiff's position has no merit.

     Plaintiff Ricky Philpott worked for Advantage Builders of America, Inc. as a salesperson for new home construction from January, 2004 until January, 2005. (Doc. #13-2). On September 6, 2005, plaintiff filed a Complaint (Doc. #1) for unpaid overtime compensation and minimum wages under the Fair Labor Standards Act (FLSA) and a Florida statute. Defendant seeks to compel arbitration of this dispute pursuant to paragraph 14 of the Sub-

Contractor Services Agreement (the Agreement) signed by plaintiff, which provides:

> The terms of this agreement shall be governed by and constructed in accordance with the laws of the State of Florida. In the event of any dispute between the parties, the parties agree to binding arbitration to be held in Fort Myers, Florida in accordance with the rules of the American Arbitration Association. Any award and/or equitable relief will be sought in the County of Lee with the circuit court of Lee County being the jurisdiction of proper venue and no other.

(Doc. #11, p. 4). Plaintiff concedes that claims pursuant to the Fair Labor Standards Act (FLSA) and the Florida statute are arbitrable, that defendant has not waived the demand for arbitration, and that there exists a broad federal policy of encouraging and enforcing arbitration[1]. Plaintiff's only challenge is as to validity of the Sub-Contractor Services Agreement itself, which she argues is unconscionable. On the record before the Court, this argument is frivolous.

The general arbitration principles were recently summarized in Caley v. Gulfstream Aerospace Corp., ___ F.3d ___ 2005 WL 2840372 (11th Cir. 2005). "[S]tate law generally governs whether an enforceable contract or agreement to arbitrate exists." Id. at *4. Under Florida law an agreement to arbitrate is unenforceable if it is unconscionable, which requires both procedural and substantive unconscionability but employs a balancing approach. VoiceStream Wireless Corp. v. U.S. Communications, Inc., ___ So. 2d ___, 2005

---

[1] See Musnick v. King Motor Co. of Ft. Lauderdale, 325 F.3d 1255, 1258 (11th Cir. 2003).

WL 2016838, *3 (Fla. 4th DCA Aug. 24, 2005). See also Fonte v. AT&T Wireless Servs., Inc., 903 So. 2d 1019, 1025 (Fla. 4th DCA 2005). "The procedural component of unconscionability relates to the manner in which the contract was entered and it involves consideration of such issues as the relative bargaining power of the parties and their ability to know and understand the disputed contract terms." Voicestream, at *4 (quoting Powertel, Inc. v. Bexley, 743 So. 2d 570, 574 (Fla. 1st DCA 1999)). "The test for substantive unconscionability is to determine if the terms of a contract are so outrageously unfair as to shock the judicial conscience." Voicestream at *5 (quoting Gainsville Health Care Ctr., Inc. v. Weston, 857 So. 2d 278, 285 (Fla. 1st DCA 2003)).

The Court finds that plaintiff has established neither procedural or substantive unconscionability. The Sub-Contractor Services Agreement is a four-page typed contract signed by plaintiff and a representative of defendant. The paragraph immediately preceding plaintiff's signature is the arbitration provision. Plaintiff signed an Affidavit (Doc. #13-2) stating that she was provided with "various forms" and instructed to sign them as a condition of working for defendant. She further states that she does "not recall signing any form agreeing to arbitrate any disputes between" herself and defendant. The Affidavit further states that no one mentioned this provision or explained it to her, and that she "was not even aware that [she] had agreed to arbitrate any disputes with Defendant." (Id. at p. 2).

Conspicuously missing from the Affidavit is any reference to plaintiff's age, experience in the real estate business or as a salesperson, details as to her negotiations, if any, with defendant, or any other aspects of the signing of the contract. There are no facts alleged to support the argument that the parties had unequal bargaining power or that a substantial disparity was present. The arbitration language in the agreement was not hidden or in fine print such that plaintiff would not have seen it, and plaintiff could have voiced her concerns to defendant. In fact, the arbitration paragraph is printed just above the line for signatures. Accord Brasington v. EMC Corp., 855 So. 2d 1212 (Fla. 1st DCA 2003), unlike in Palm Beach Motor Cars Ltd., Inc. v. Jeffries, 885 So. 2d 990, 991-992 (Fla. 4th DCA 2004), where the clause was the smallest print on the page. There is also no evidence that plaintiff lacked the "legal sophistication" to understand the Agreement or that plaintiff was vulnerable at the time of signing. See Fonte at 1026; Romano v. Manor Care, Inc., 861 So. 2d 59 (Fla. 4th DCA 2004). As a salespeson for new home construction, plaintiff obviously dealt on a daily basis with contracts containing important provisions. The fact that she apparently did not read her own contract does not render it unconscionable. Nothing in the provision is unusual or unconscionable in itself, and plaintiff has presented no facts which render it unconscionable in her situation. Plaintiff agreed

to arbitrate disputes, and the Court will enforce that agreement.

Accordingly, it is now

**ORDERED:**

1.  Defendant's Motion to Compel Arbitration and Motion to Stay (Doc. #10) is **GRANTED** and the case will be stayed pursuant to 9 U.S.C. § 3 pending arbitration under the Sub-Contractor Services Agreement.

2.  The case is hereby **stayed** pending notification by the parties that plaintiff has exhausted arbitration and the stay is due to be lifted or the case is due to be dismissed. The Clerk shall terminate all deadlines and motions, and administratively close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of November, 2005.

JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of record
DCCD

-5-